**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Donald D. Bailey, )
)
      Plaintiff, )    No. CV 17-032-TUC-CKJ
)
vs. )
)
United States of America, et al., )    **ORDER**
)
      Respondent. )
_____)

Plaintiff initiated this action on January 19, 2017. On March 17, 2017, a party consented to magistrate judge jurisdiction (Doc. 9). On April 10, 2017, another party consented to magistrate judge jurisdiction. On that same date, the Clerk of Court issued a Minute Order:

> In accordance with 28 USC 636(c), all parties have voluntarily consented to have Magistrate Judge Markovich conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Ninth Circuit Court of Appeals, if an appeal is filed.

4/10/2017 Minute Order (Doc. 15).

On July 25, 2017, Magistrate Judge Eric J. Markovich issued an Order advising Plaintiff of the applicable rules and possible consequences of the Motion to Dismiss Defendant Lorie Hale. 7/25/2017 Order (Doc. 23).

The Court's electronic filing system indicates that, on July 27, 2017, a party agreed to magistrate judge jurisdiction (Doc. 24). On that same date, a party withdrew its consent to magistrate judge jurisdiction (Doc. 25). The Clerk of Court issued a Minute Order:

> Pursuant to Local Rule Civ 3.7(b), a request has been received for a random reassignment of this case to a District Judge. Case reassigned by random draw to

District Judge, Cindy K Jorgenson. All further pleadings should now list the following COMPLETE case number: CV17-32-TUC-CKJ.

7/27/2017 Minute Order (Doc. 26).

However, where consent to a magistrate judge has been given, i.e., the case has been "referred to a magistrate judge under section 636(c), reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993). This case does not present a situation where a party is simply trying to decide whether to consent to the magistrate judge jurisdiction. *See e.g. Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911 (2003). Rather, the parties here "consented in writing to conduct all proceedings before the magistrate judge." *Dixon*, 990 F.2d at 480. Further, neither party has "file[d] a motion for leave to withdraw his consent, nor did [any party] provide any reasons for the withdrawal." *Id*. Indeed, there "is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id*.

As the Court is not aware of good cause to withdraw the reference to the magistrate judge and neither party has shown extraordinary circumstances to support a withdrawal of consent, the Court finds the acceptance of the withdrawal of consent to have been inappropriate. Accordingly,

IT IS ORDERED:

1.  The July 27, 2017 Minute Order (Doc. 26) is VACATED.

2.  The assignment of this matter to the Magistrate Judge Eric. J. Markovich is CONFIRMED.

DATED this 10th day of August, 2017.

_____
Cindy K. Jorgenson
United States District Judge

- 2 -