WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald D Bailey,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants. | No. CV-17-00032-TUC-EJM<br><br>**ORDER** |

Pending before the Court is a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process filed by Defendants United States of America, Spencer, Nguyen, Matchison, Settles, and Ward. (Doc. 10). Also pending before the Court are a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim filed by Defendant Hale (Doc. 22), a motion to substitute party filed by the Defendants (Doc. 12), and a motion to compel filed by Plaintiff (Doc. 19). All of the motions have been fully briefed and are now ripe for ruling.

**I.   Background**

Plaintiff Donald D. Bailey filed this action on January 19, 2017 against Defendants the United States of America, Theodore Spencer, Van Nguyen, Amy Matchison, Segrid Settles, Lori Hale, and Phillip Ward. (Doc. 1). Plaintiff alleges that Defendants committed fraud in auditing his tax returns and conspiring to defraud him of a

tax refund. Specifically, Plaintiff claims that Spencer and Nguyen made false statements about additional income and taxes owed in the tax returns they audited, and that they therefore committed fraud by stating Plaintiff acted willfully and recklessly by underreporting tax liability. Plaintiff also claims Matchison committed fraud by redacting documents and giving false testimony in a prior action, CV-05-310-TUC-CKJ, that Settles and Hale did not give Plaintiff a $42,000 tax refund in their audit reports, and that Ward falsified three tax returns. Plaintiff further alleges that the Defendants were not acting within the course and scope of their employment and thus are being sued personally. Plaintiff seeks a refund of the $10,500 he paid towards the IRS penalty assessment and dismissal of the remaining $59,500 balance, plus damages for harm to his reputation and personal suffering.

## II. Motion to Substitute Party

Defendants filed a notice to substitute the United States of America for the individually named Defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., as amended by the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679. The Act specifies that a suit against the United States is the exclusive remedy for tort claims regarding the wrongful or negligent acts or omissions of federal employees acting within the course and scope of their employment, and protects federal employees from "any other civil action or proceeding for money damages." 28 U.S.C. § 2679(b)(1); *see also Simmons v. Himmelreich*, 136 S. Ct. 1843, 1848 (2016) ("Under the exclusive remedies provision, a plaintiff generally cannot sue an employee where the FTCA would allow him to sue the United States instead.").[1]

Defendants also included a "Certification of Scope of Employment" with their notice. (Doc. 12-1). "'[I]f the Attorney General . . . certif[ies] that a Government employee named as defendant was acting within the scope of his employment when he committed the alleged tort,' the Liability Reform Act dictates that the United States be

---

[1] As the *Simmons* court noted, "t]here is an exception to this provision for suites alleging constitutional violations." 136 S. Ct. at n.4. Plaintiff's complaint does not state any constitutional violations and alleges only common law tort claims.

1 substituted as the sole defendant[.]" *Simmons*, 136 S. Ct. at 1848 (quoting *United States v. Smith*, 499 U.S. 160, 166 (1991)).

Plaintiff's complaint alleges violations of Arizona common law that allegedly occurred while each of the Defendants was employed by the United States. While Plaintiff asserts that the Defendants were not acting within the scope of their employment and are being sued personally, there is no evidence to support this contention. Further, the Acting U.S. Attorney for the District of Arizona has certified that each of the individually named Defendants was acting within the scope of their employment at the time the alleged tortious acts occurred. Accordingly, the United States is the sole proper defendant in this action.

### III. Motion to Compel

Plaintiff requests that the Court compel defense attorney Nithya Senra to require Defendant Hale to testify at a deposition. (Doc. 19). In her response, Senra notes that discovery is not authorized under the Federal Rules of Civil Procedure at this point in the litigation because the parties have not yet conferred as required by Fed. R. Civ. P. 26(f). (Doc. 20). Senra further notes that Plaintiff's discovery request is premature, given the pending motions to dismiss. Plaintiff contends that there is no reason he should not be allowed to depose Hale, and therefore argues the Court should allow him to do so. (Doc. 21).

The Court finds that Plaintiff's motion should be denied. The Court has not yet held a Rule 16 scheduling conference due to the pending motions to dismiss, and thus the parties have not conferred pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(f); 30(a)(2). Discovery at this juncture would be both premature and procedurally improper.

### IV. First Motion to Dismiss

Defendant United States of America, on its own behalf and on behalf of Spencer, Nguyen, Matchison, Settles, and Ward, moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process. (Doc. 10).

Defendants first argue that the Court lacks jurisdiction over this matter because Plaintiff alleges he has only paid 15% of the $70,000 penalty assessment, and in order to establish jurisdiction, the taxpayer must first fully pay the contested assessment. Defendants also note that Plaintiff does not meet any of the exceptions to the full pay rule. Defendants further argue that the Court lacks jurisdiction because the United States, as the real party in interest, is immune from suit.[2]

"The general rule—often referred to as the 'full pay rule'—is that district courts lack subject matter jurisdiction over a claim for refund of penalties not fully paid." *Taylor v. C.I.R.*, 118 A.F.T.R.2d 2016-5331 (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)). However, "under 26 U.S.C. § 6694(c), a taxpayer can pay 15% of the penalty, file a refund claim with the IRS, and file suit in district court within the earlier of (1) 30 days of the IRS denial or (2) 6 months of filing the refund claim." *Id.*; *see also Kline v. United States*, 586 F. Supp. 338, 340 (N.D. Ohio 1984) ("Under § 6694(c), a tax return preparer against whom penalties have been assessed may bring an action challenging those assessments in district court, without full payment of the penalties, if, within 30 days after the assessment is made, he pays 15 percent of the penalties, and, thereafter, pursues an unsuccessful claim for a refund with the IRS. An action in district court must be brought within 30 days of the earlier occurrence of either the rejection of the claim by the IRS, or the expiration of six months after the claim is filed without a determination by the IRS.").

Here, Plaintiff previously filed a civil action in this Court in 2014 seeking a refund

---

[2] Defendants' second argument is that this matter should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because: 1) the FTCA does not apply to claims arising out of the collection or assessment of taxes; 2) Plaintiff's complaint fails to comply with the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b); 3) the three year statute of limitations for Plaintiff's common law fraud claims has long since expired; and 4) Plaintiff's claims are barred by res judicata because they either were raised or could have been raised in the prior civil actions. Defendants also argue that the individually named defendants have qualified immunity and Matchison has absolute immunity. Finally, Defendants argue that this matter should be dismissed for insufficient service of process under Rule 12(b)(5) because Plaintiff failed to properly serve the United States and failed to file proof of service for Settles, Hale, and Ward. Because the Court finds that this matter should be dismissed for lack of subject matter jurisdiction, the Court declines to address these additional arguments.

- 4 -

of the same penalties at issue in the current matter. *See* CV-14-2471-TUC-RCC. In that case, the Court found that:

> Plaintiff filed his claim for refund on March 28, 2014 together with the dollar equivalent of 15 percent of the penalties he was assessed. Thirty days after the expiration of 6 months (and a day) from that date was October 29, 2014. The IRS did not issue a denial of Plaintiff's refund claim until after that date. Accordingly, in order to capitalize on 6694(c)'s 15 percent exception to the full pay rule Plaintiff was obliged to file suit in district court no later than October 29, 2014. Plaintiff did not do so, waiting instead to file on November 12, 2014. As Plaintiff has not paid the full amount of the penalties in dispute, and no exception under 6694(c) applies, this Court lacks subject matter jurisdiction over thus suit under *Flora. See, Taylor v. Washington*, 118 A.F.T.R.2d 2016-5531 (E.D. Wash. August 1, 2016) (finding lack of jurisdiction where Plaintiff did not pay the full penalty owed and did not timely file suit pursuant to 26 U.S.C. 6694(c)).

*Bailey v. United States*, 2016 WL 7743404, at *2 (D. Ariz. Dec. 6, 2016).

The Court similarly finds that Plaintiff's complaint should be dismissed in the current action. Plaintiff has not fully paid the contested assessment, nor has Plaintiff alleged that he filed a claim for refund since his previous claim was filed in March 2014, and the applicable time period under 26 U.S.C. § 6694(c) has long since expired. Thus, because Plaintiff filed his claim for refund in March 2014 and did not file this action until January 19, 2017—well beyond the time allowed in 26 U.S.C. § 6694(c)—this Court lacks subject matter jurisdiction over Plaintiff's tax refund claims. Accordingly, the Court will grant Defendants' motion to dismiss.[3]

---

[3] The Court further notes that dismissal is appropriate for Plaintiff's common law tort claims because the United States has sovereign immunity and has not consented to be sued. "When the government is sued, the plaintiff in that suit bears the burden of showing that the government has waived its sovereign immunity." *Krieg v. Mills*, 117 F.Supp.2d 964, 967 (N.D. Cal. 2000); *Soghomonian v. United States*, 82 F.Supp.2d 1134, 1140 (E.D. Cal. 1999) ("In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the court's . . . jurisdiction."). Plaintiff has not met that burden here. As the Court noted in *Bailey v. United States*,

> To confer subject matter jurisdiction in an action against a sovereign, there must exist (1) "statutory authority vesting a district court with subject matter jurisdiction," and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Because the United States is a sovereign, it is immune from suit unless it

## V. Second Motion to Dismiss

Defendant Hale filed a motion to dismiss based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 22). Hale argues that dismissal is appropriate based on res judicata because Plaintiff already made allegations of false declarations against Hale and litigated those claims in this Court as well as the Ninth Circuit.[4] Hale also argues that if Plaintiff's claims are construed as *Bivens* claims, then the statute of limitations has expired, and further that no *Bivens* remedy is available for alleged constitutional violations in the assessment and collection of taxes.[5] Finally, Hale argues that she should be dismissed on qualified immunity grounds because Plaintiff has not alleged, and cannot show, violation of a clearly established constitutional right.

As discussed above, the Court finds that the United States of America is properly

---

has expressly waived its immunity and consented to be sued. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). The United States Supreme Court has "frequently held ... that a waiver of sovereign immunity is to be strictly construed, in terms of scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S. Ct. 687, 142 L.Ed.2d 718 (1999). Moreover, the waiver cannot be implied, but must be "unequivocally expressed" in the statutory text. *Id.*; *accord Harger v. Dep't of Labor,* 569 F.3d 898, 903 (9th Cir. 2009).

2016 WL 7743404 at *1. While the Federal Tort Claims Act does allow individuals to file suit against the United States, the Act affords Plaintiff no relief in this case because it does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty . . . ." 28 U.S.C. § 2680(c); *see also Perkins v. United States*, 55 F.3d 910, 913–14 (4th Cir. 1995) (Noting that "[i]t is well established that regulatory violations and torts committed by agents are with the scope of the exemption if they were committed during the course of a tax assessment or collection effort."); *Soghomonian*, 82 F.Supp.2d at 1144 ("This provision has been broadly interpreted to bar claims based on any activities of an IRS agent even remotely related to his or her official duties." (internal quotations and citations omitted)); *Krieg*, 117 F.Supp.2d at 968. "Moreover, where applicable, this provision is an absolute bar to jurisdiction." *Soghomonian*, 82 F.Supp.2d at 1144 (internal quotations and citation omitted).

[4] Hale notes that in CV-05-310-TUC-CKJ, the Court ordered Plaintiff not to file any more motions seeking relief based on claims that Hale had perjured herself or committed fraud without first seeking prior approval of the Court. *See* CV-05-310-TUC-CKJ at Doc. 121 pg. 5.

[5] *See Krieg*, 117 F.Supp.2d at 969 ("the availability of remedies under the Internal Revenue Code precludes plaintiffs from bringing a *Bivens* action against IRS agents."); *Adams v. Johnson*, 355 F.3d 1179 (9th Cir. 2004).

- 6 -

substituted as the sole defendant for the individually named defendants in this action, and further that this action should be dismissed for lack of subject matter jurisdiction. Accordingly, Hale's motion to dismiss is denied as moot.

## VI. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** as follows:

1) granting Defendants' Motion to Dismiss (Doc. 10);
2) denying Defendant Hale's Motion to Dismiss as moot (Doc. 22);
3) granting Defendants' Motion to Substitute Party (Doc. 12);
4) denying Plaintiff's Motion to Compel (Doc. 19);
5) dismissing all individually named defendants with prejudice;
6) substituting the United States of America as the sole defendant;
7) dismissing Plaintiff's tax refund claims without prejudice; and
8) dismissing Plaintiff's common law tort claims with prejudice.

This action is hereby dismissed, and the Clerk shall close its file on this matter.

Dated this 16th day of November, 2017.

Eric J. Markovich
United States Magistrate Judge